**YUAN LI CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–5109–ag.

United States Court of Appeals, Second Circuit.

May 8, 2007.

Farah Loftus, Los Angeles, California, for Petitioner.

David E. Nahmias, United States Attorney for the Northern District of Georgia, Sharon Stokes, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Yuan Li Chen, a citizen of the People's Republic of China, seeks review of an October 10, 2006 order of the BIA affirming the June 9, 2005 decision of Immigration Judge ("IJ") Alan L. Page denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuan Li Chen,* No. A79 424 679 (B.I.A. Oct. 10, 2006), *aff'g* No. A79 424 679 (Immig. Ct. N.Y. City June 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005) (per curiam). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir. 2004) (citations and internal quotation marks omitted). However, we require that the IJ's reasons for an adverse credi-

bility finding be specific and cogent, and bear a legitimate nexus to the petitioner's claim. *Majidi v. Gonzales,* 430 F.3d 77, 79–80 (2d Cir.2005).

In affirming the IJ's adverse credibility determination, the BIA emphasized two findings made by the IJ, both of which are supported by substantial evidence. First, the BIA found "particularly significan[t]" Chen's inconsistent testimony regarding the date he was beaten, arrested and taken to the hospital, where he claimed he was held "hostage" by family planning authorities until his wife was sterilized on March 12, 1991. Chen initially testified that he was arrested on February 5, 1991, but later stated that the arrest occurred on March 25, 1991.

In some cases, a discrepancy regarding the date of arrest may be a minor inconsistency that will not support an adverse credibility finding. *See Diallo v. INS,* 232 F.3d 279, 284 (2d Cir.2000) (noting that an applicant's inconsistencies over his place of birth and residence, the date of his arrest, and the amount of time he spent in prison and in a refugee camp need not be fatal to credibility, if the applicant's testimony is generally consistent, rational, and believable). In this instance, however, Chen did not immediately correct himself upon further questioning. In fact, when asked why he was certain of the March 1991 date, Chen responded by stating that he "would never forget the date that [he] was persecuted." As the IJ and BIA noted, however, Chen had given yet another date, March 1990, to immigration officials during his credible fear interview. Chen's explanation for this inconsistency—that he made a "mistake"—was not compelling and the BIA and IJ properly dismissed it. *See Majidi,* 430 F.3d at 80–81. Since the date of Chen's arrest was central to his claim, the BIA and IJ reasonably relied on Chen's inconsistent statements regarding the matter in reaching their adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003) (a discrepancy must be "substantial" when measured against the record as a whole).

The BIA also emphasized the IJ's finding that Chen's wife, Qingfang, omitted any mention of his "hostage-like" detention in her statements. Indeed, in her first statement, Qingfang not only failed to acknowledge that Chen was held captive until she surrendered herself for sterilization, she made no mention of her husband's arrest, hospitalization, and five-week confinement. It was not until March 2005, after he testified in support of his application, that Chen submitted another statement from Qingfang, in which she referred to the beating and Chen's stay at the hospital. Even then, however, Qingfang did not confirm Chen's detention. Chen himself failed to include any reference to his arrest and detention in his original asylum application and during his airport interview. These omissions are significant, as the event was a key part of Chen's claim of past persecution. The IJ and BIA were therefore reasonable in relying on this factor to form, in part, the basis of an adverse credibility determination. *See id.* Since the IJ's adverse credibility determination is supported by the record, the Court need not discuss the IJ's internal relocation finding.

Because the only evidence of past persecution, or future threat of persecution or torture, depended upon Chen's credibility, the IJ's adverse credibility finding necessarily precludes success on Chen's claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.